UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

JS-6

Case No.  **2:19-cv-06685 DSF-AFMx**                             Date: August 2, 2019

Title  **Broadway Vistas v. Larnenta Porter; Yahne Porter; Does 1 to 10 Inclusive**

Present: The Honorable  **Dale S. Fischer, U.S District Judge**

| Patricia Gomez | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers)**      **ORDER REMANDING MATTER TO STATE COURT**

On May 23, 2019, Broadway Vistas ("Plaintiff") instituted an unlawful detainer proceeding against Larnenta Porter; Yahne Porter and Does 1 to 10 ("Defendants") in state court. Defendants have allegedly continued in unlawful possession of the property located at 9800 S. Broadway, #401, Los Angeles, CA 90003 (the "Property") that is owned by Plaintiff. Defendants allegedly entered into a 6-month lease of the Property on November 1, 2016, with current rent at $1,358.00 per month. At the time of the 3-day notice to quit, the rent due by Defendant was allegedly $1,358.00. Plaintiff estimates the fair rental value of the property as $45.26 per day. Plaintiff filed its unlawful detainer complaint in state court after Defendants failed to comply with the notice to quit. Defendants filed an Answer on July 5, 2019. Defendants removed the action to this Court on August 1, 2019. Defendants assert federal question jurisdiction in this Court based on the Protecting Tenants at Foreclosure Act (Notice of Removal at ¶ 7) and on the assertion that Defendant's Answer depends on the determination of Defendant's rights and Plaintiff's duties under federal law (Notice of Removal at ¶ 8). Diversity jurisdiction is not alleged.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). It is this Court's duty to always examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*,

792 F.2d 925, 927 (9th Cir. 1986). A "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Subject matter jurisdiction exists over civil actions "arising under" federal law. 28 U.S.C. § 1331. A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff's Complaint here contains a single cause of action for unlawful detainer, a state law claim. There is no federal question jurisdiction even if Defendants have alleged an actual or anticipated federal defense to the claim or a counterclaim arising under federal law. *See Caterpillar, Inc.*, 482 U.S. at 392-93; *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). This is a simple state law unlawful detainer case, and there is no federal question presented on the face of Plaintiff's complaint.

Defendants' assertion of the "Protecting Tenants at Foreclosure Act of 2009" does not create federal question jurisdiction. First, that statute expired at the end of 2014. *See* P.L. 111-22, section 704, as extended by section 1484 of P.L. 111-203. ("This title, and any amendments made by this title are repealed, and the requirements under this title shall terminate, on December 31, 2014.") Second, even if that statute gave rise to a defense against Plaintiff's foreclosure action, this does not provide the Court with a basis to assert federal question jurisdiction under the well-pleaded complaint rule. *See, e.g., Federal Nat. Mortg. Ass'n v. Kennedy*, 2012 WL 1378671, *1 (C.D. Cal. Apr. 20, 2012) (finding no federal question jurisdiction over a state law unlawful detainer action where the notice of removal raised the Protecting Tenants at Foreclosure Act of 2009); *Federal Nat. Mortg. Ass'n v. Brooks*, 2012 WL 773073, at *4 (C.D. Cal. Mar. 7, 2012) (same); *Westcom Credit Union, v. Dudley*, 2010 WL 4916578, at *2-3 (C.D. Cal. Nov. 22, 2010) (same). The PTFA does not create a private right of action; rather, it provides a defense to state law unlawful detainer actions. *See Logan v. U.S. Bank Nat. Ass'n,* 722 F.3d 1163, 1164 (9th Cir. 2013) (affirming dismissal of the complaint because the PTFA "does not create a private right of action allowing [plaintiff] to enforce its requirements"). Accordingly, Defendants have failed to meet their burden of showing that federal question jurisdiction exists.

The notice of removal has not alleged diversity jurisdiction, and it is clear from the face of the Complaint that no diversity jurisdiction exists under 28 U.S.C. § 1332. The amount demanded on the face of the Complaint is alleged not to exceed $10,000 − well below the statutory threshold of $75,000. The Complaint specifically asserts a claim for past due rent of $1,358.00, plus ongoing damages at a rate of $45.26 per day. Defendant has made no plausible allegations showing how those damages would exceed $75,000.

     Accordingly, because this Court lacks subject matter jurisdiction, the Court REMANDS the action to state court forthwith and orders the Court Clerk promptly to serve this Order on all parties who have appeared in this action.

     **IT IS SO ORDERED.**

cc:  Pro Se Defendants